# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL L. NEGRON,** | : | **CIVIL ACTION NO. 1:CV-09-1559** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **SUPERINTENDENT OF SCI-HUNTINGDON, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Nathaniel L. Negron ("Negron"), a Pennsylvania state inmate, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 14, 2009, challenging his Lebanon County convictions. (Doc. 1.) Preliminary review has been undertaken pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I.     Background

On October 28, 2005, Negron filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was docketed as Civil Action No. 1:CV-05-2207 and assigned to the undersigned. On May 25, 2006, a Memorandum and Order was issued denying the petition for writ of habeas corpus and finding no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c). (See Civil

Action No. 1:CV-05-2207 at Doc. 16, at 16.) Negron's appeal of the matter was unsuccessful in that the United States Court of Appeals for the Third Circuit issued an order on April 16, 2007, denying a certificate of appealability. (Id. at Doc. 20.)

In his present petition, he makes no reference to the prior federal habeas petition. Nor does he indicate whether he has obtained permission from the United States Court of Appeals for the Third Circuit before filing a second or successive habeas petition in federal court. 28 U.S.C. § 2244(b)(3)(A). However, according to the Public Access to Court Electronic Records (PACER) system, Negron has not filed any matters in the United States Court of Appeals for the Third Circuit since the denial of his appeal.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). Generally, a habeas petition is classified as second or successive if a prior petition has been decided on the merits, the subsequent petition asserts a claim that was or could have been raised in the prior habeas petition, and the prior and subsequent petitions challenge the same conviction. See 28 U.S.C. §§ 2244(a), (b)(1); In re Olabode, 325 F.3d 166, 169-73 (3d Cir. 2003); cf. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to

2

exhaust state remedies is not a second or successive petition.") Before filing such a petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). 28 U.S.C. § 2244(b)(3)(C); Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); see also Felker v. Turpin, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)." Burton v. Stewart, 549 U.S. 147, 153 (2007). If a petitioner erroneously filed a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).

There is no question that Negron previously filed a federal habeas corpus action challenging his Lebanon County convictions, which was disposed of on the merits. He has now filed a second federal petition contesting the same custody imposed by the same judgment of a state court. Under the AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge. The record is clear that he has not obtained leave from the United States Court of Appeals for the Third Circuit to file his new petition. Because he did not do so, this court is without jurisdiction to entertain it. See Burton v.

Stewart, 549 U.S. 147, 153 (2007) (where a state prisoner filed a second or successive habeas petition, and "did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place."). Accordingly, the court will dismiss the petition pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

 An appropriate order will issue.

 S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: August 25, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHANIEL L. NEGRON,** | : | **CIVIL ACTION NO. 1:CV-09-1559** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT OF SCI-HUNTINGDON, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 25th day of August, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED for lack of jurisdiction. See 28 U.S.C. § 2244(b)(3)(A).

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge